

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

U.S. Post Office & Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219            412-644-3500

April 9, 2010

John A. Knorr, Esquire
John Knorr Law
1204 Frick Building
437 Grant Street
Pittsburgh, Pennsylvania 15219

Re: United States of America v.
    Hardy Carroll Lloyd
    Criminal No. 09-320

Dear Mr. Knorr:

This letter sets forth the agreement by which your client, Hardy Carroll Lloyd, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Hardy Carroll Lloyd and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Hardy Carroll Lloyd will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

  A. The defendant, Hardy Carroll Lloyd, agrees to the following:

    1. He will enter a plea of guilty to Count One of the Indictment at Criminal No. 08-215, charging him with violating Title 18, United States Code, Section 922 (g)(1), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL USE**



April 9, 2010
Page 2

2. He will voluntarily forfeit to the United States his right, title, and interest in all property subject to forfeiture under 18 U.S.C. §924(d), including all firearms and ammunition referenced in Count One of the indictment.

3. He acknowledges that the above-described property was involved and used in the knowing commission of the offense charged in Count One.

4. He acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number and he herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

5. At the time Hardy Carroll Lloyd enters his plea of guilty, he will deposit a special assessment of $100.00 in the form of cash, or check or money order, payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

6. Hardy Carroll Lloyd waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

7. Hardy Carroll Lloyd waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, sUbject to the following exceptions:

    (a) If the United States appeals from the sentence, Hardy Carroll Lloyd may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Hardy Carroll Lloyd may take a direct appeal from the sentence.

April 9, 2010
Page 3

        Hardy Carroll Lloyd further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

8. Hardy Carroll Lloyd agrees that the applicable sentencing guideline range is appropriate and reasonable under the circumstances of this case and agrees to be sentenced within the applicable guideline range.

9. Hardy Carroll Lloyd agrees not to host a website at any time while under Court supervision as a result of his guilty plea to Count One of the indictment.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Hardy Carroll Lloyd in the offense charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

2. Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 3 levels for acceptance of responsibility, on the grounds that the offense level prior to application of §3E1.1 is 16 or greater, and Hardy Carroll Lloyd timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

    The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

April 9, 2010
Page 4


C.  Hardy Carroll Lloyd and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Hardy Carroll Lloyd is:

    (a) A term of imprisonment of not more than ten (10) years;

    (b) A fine of $250,000.00;

    (c) A term of supervised release of three (3) years;

    (d) A special assessment under 18 U.S.C. §3013 of $100.00;

    (e) Forfeiture, pursuant to Title 18, United States Code, Section 924(d) (1).

    If, however, it is determined that Hardy Carroll Lloyd has three previous convictions for violent felonies or serious drug offenses or both, the term of imprisonment is not less than 15 years and not more than life imprisonment, and the term of supervised release is 5 years.

2. This agreement does not preclude the government from pursuing any civil or administrative remedies against Hardy Carroll Lloyd or his property.

3. The parties agree that the base offense level applicable to this case is 14, pursuant to U.S.S.G. §2K2.1(a)(6).

4. The parties agree that the base offense level should be increased four (4) levels pursuant to §2K2.1(b)(1).

5. The parties agree that the adjusted base offense level of 18 should be lowered by a total of three (3) levels under §3E1.1 of the sentencing guidelines for acceptance of responsibility, resulting in an overall offense level of 15.

April 9, 2010
Page 5

6. The parties agree that if the defendant is sentenced based on an overall offense level no higher than 15 that he will not seek a downward departure or variance from the guideline range.

7. Based on the agreements set forth above, the United States Attorney for the Western District of Pennsylvania agrees not to file additional charges based on the defendant's internet postings, which have occurred as of the date of this agreement.

This letter sets forth the full and complete terms and conditions of the agreement between Hardy Carroll Lloyd and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*

ROBERT S. CESSAR
Acting United States Attorney


I have received this letter from my attorney, John A. Knorr, Esquire, have read it and discussed it with her, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made tome by any agents or officials of the United States in connection with this matter.

*[signature]*
Hardy Carroll Lloyd

4/12/10
Date

Witnessed by:

*[signature]*
JOHN A. KNORR, ESQUIRE
Counsel for Hardy Carroll Lloyd