IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.                      ) | CRIMINAL NO.: 09-320 |
| ) | |
| HARDY CARROLL LLOYD      ) | |

## SENTENCING MEMORANDUM

AND NOW, comes the defendant, Hardy Carroll Lloyd, by his attorney, John A. Knorr, Esquire, and JOHN KNORR LAW, and files the following Sentencing Memorandum:

Hardy Lloyd has two problems: one, he has committed a crime; two, he suffers from mental illness. It is suggested that this Honorable Court fashion a sentence that gives appropriate consideration to each component of Mr. Lloyd's problems – punish him for his crime in a manner that allows him to secure treatment for his mental illness.

### A.  Hardy's Mental Illness
(for which he should be treated)

Hardy Lloyd suffers from Asperger's Syndrome, part of the autism spectrum of behavioral disorders. As a consequence, he behaves socially as a teenager, and like most teenagers, does not appreciate that his conduct must have consequences. He also attempts to insulate himself from others, and in order to do so, involves himself in various manners of braggadocio and behavior which are intended to keep people away from him. "No man is an

island.  No man stands alone."  Hardy would only wish (this were so).

### B. Hardy's Criminal Conduct

Mr. Lloyd has acknowledged his criminal misbehavior and accepted responsibility therefor.  He has pled guilty to the charge of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §922(g)(1).  The indictment alleged that the defendant possessed ten firearms on May 27, 2009.

It is submitted that this is a manifestation of Hardy's mental illness – he surrounded, literally surrounded, himself with guns in order to make himself appear as someone to be reckoned with – to keep others away, to make himself an island.

### C. Hardy's Vile, Hate-Filled Speech

There is reference in the Presentence Investigation Report to Hardy's apparent, and I do mean "apparent" membership in white supremacy groups.  Undersigned counsel has the utmost confidence that the sentencing court has no intention of punishing the defendant for these apparent associations, but they are worthy of comment just the same.

They represent a component or manifestation of Hardy's mental illness, Paragraph A, above, and not part of his criminal behavior, Paragraph B, above.  The vile and despicable words Hardy used were but one more way to keep others away from him.

2

## D.   Conclusion:   Recommended Sentence

Taking into account the matters referenced in previous subparagraphs A, B & C, it is respectfully recommended to the Court that the appropriate sentence should take into account the fact that this defendant has been incarcerated since May 27, 2009.  While it is acknowledged that the ultimate calculation of credit for time served is left to the Bureau of Prisons, it is asked that the Court fashion a sentence that mandates a continued restriction on this defendant's physical liberty for a period of six months and that sentence should take the form of a split sentence with three months in a halfway house or community confinement center, specifically the Renewal Center in Pittsburgh, Pennsylvania, and three months of home detention. This split sentence will allow Mr. Lloyd to continue in therapy with his therapist, Anthony Mastroianni, who has counseled defendant during his fourteen months incarceration at the Allegheny County Jail.  Thereafter, it is recommended that the defendant be placed on supervised release for a period of three years and that it be a condition of Mr. Lloyd's supervised release that he continue with his mental health therapy with Mr. Mastroianni, and comply with the recommendations of Mr. Mastroianni or any other therapist the defendant may counsel with during his period of supervised release.

It is respectfully suggested that this will serve the ends of justice as well as the aims of 18 U.S.C. §3553(a).  Such a sentence will take into account the nature and circumstances of the offense and the history and characteristics of the defendant,

it will reflect the seriousness of the offense, and promote a respect for law and provide just punishment for the offense; it will afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant and it will provide the defendant with the needed medical care that is so essential to this defendant.

                                            Respectfully submitted,

                                            ___s/John A. Knorr_____
                                            John A. Knorr, Esquire
                                            Attorney for Defendant
                                            JOHN KNORR LAW
                                            1204 Frick Building
                                            437 Grant Street
                                            Pittsburgh, PA 15219
                                            (412) 261-1186
                                            Pa. I.D. 19803
                                            jknorr@johnknorrlaw.com