IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 09-320 |
| | ) | |
| HARDY CARROLL LLOYD | ) | |

MEMORANDUM ORDER
AND TENTATIVE FINDINGS AND RULINGS

AND NOW, this 27th day of July, 2010, the Probation Office having conducted a presentence investigation and submitted a presentence report; the government having indicated that it does not have any objections to the presentence report; and defendant having indicated that he does not have any objections to the presentence report, the court makes the following tentative findings and rulings:

1) On December 1, 2009, the grand jury returned a one-count indictment against Hardy Carroll Lloyd ("defendant") charging him with possession of a firearm by a convicted felon on or about May 27, 2009, in violation of 18 U.S.C. §922(g)(1).

On April 12, 2010, defendant appeared before this member of the court and changed his previously entered plea of not guilty to guilty to the one-count indictment pursuant to a written plea agreement. The pertinent provisions of the plea agreement provide, inter alia, that in addition to pleading guilty to Count One, he will pay a special assessment of $100. Defendant also agree to forfeit to the United States his right, title and interest in the firearms and ammunition referenced in the indictment. Defendant further agreed to waive his right to take a direct appeal from his conviction or sentence subject to certain enumerated exceptions, and he also agreed to waive his right to file a motion to vacate sentence. In exchange, the government agreed to recommend that defendant's offense level be reduced three levels based on his acceptance of responsibility.

The charges in the indictment arose as a result of an

investigation conducted by the Federal Bureau of Investigation ("FBI"). On April 6, 2009, a local FBI agent received an e-mail communication from another FBI agent who served on the West Virginia Joint Terrorism Task Force, which contained an e-mail drafted by defendant. Defendant's e-mail, which was posted on his website, indicated support for Richard Poplawski, who had been arrested in connection with the shooting death of three Pittsburgh police officers on April 4, 2009. Defendant's e-mail also contained statements that he may be prone to the same violent actions as Poplawski. More specifically, defendant's e-mail contained the following statements: "we are meant to kill and die"; "being a racist and a revolutionary means you suffer and make others suffer"; "death to all white people and anglo-saxons"; and "follow my wolf philosophy as Richard did."

Based on this information, agents accessed defendant's website, www.hardylloyd.com, and viewed the section entitled, "Hardy Lloyd's Blog; Guns." Agents observed an image of a shotgun and text posted above it that read, "07 May, 2009" and "the best gun I ever used!! No revolvers needed, babe!!". In addition, a detailed description of the firearm, including exact manufacturer's specifications, was listed below the image. The final sentence in the narrative stated, "posted by Hardy Lloyd at 15:12."

Agents contacted a supervisor at the Allegheny County Adult Probation Department ("ACAPD") because defendant was on probation supervision at the time the image of the firearm was posted on his website. The supervisor informed the agents that the firearm indicated defendant may be in violation of his probation agreement. Therefore, an agent and members of the ACAPD searched defendant's residence on May 27, 2009. During the search, law enforcement found the ten firearms identified in the indictment in various locations throughout defendant's residence, along with ammunition.

Defendant possessed the firearms and ammunition after previously having been convicted in the Allegheny County Court of Common Pleas of the crime of firearms not to be carried without a license.

2)  While the United States Sentencing Guidelines now merely are advisory pursuant to the decision of the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005), the court nevertheless still is required to consider the guidelines as a factor in determining a defendant's sentence, along with the other

factors enumerated in 18 U.S.C. §3553(a). Accordingly, the court makes the following guidelines calculations:

a)  The 2009 edition of the Guidelines Manual has been used in this case.

b)  Defendant's base offense level at Count One for violation of 18 U.S.C. §922(g)(1) is determined by U.S.S.G. §2K2.1(a)(6)(A), which provides for a base offense level of 14 because defendant was a prohibited person when he committed the instant offense.

c)  Defendant's offense level is increased four levels under U.S.S.G. §2K2.1(b)(1)(B) because he possessed ten firearms.

d)  There are no victim-related, role-related or obstruction of justice adjustments that apply.

e)  Based on the above, defendant's adjusted offense level at Count One is 18.

f)  Under the guidelines, defendant is entitled to a three-level decrease for acceptance of responsibility pursuant to U.S.S.G. §§3E1.1(a) and (b).

g)  Based on the above, defendant's adjusted offense level is 15.

h)  There are no Chapter Four enhancements that apply.

i)  Based on the above, defendant's total offense level is 15.

j)  Defendant has a criminal history score of 6, which results in a criminal history category of III under the guidelines.  See U.S.S.G. §4A1.1; §5 (Part A).

k)  Based on a total offense level of 15 and a criminal history category of III, defendant's guideline sentencing range is 24 to 30 months, which falls within Zone D.  Pursuant to Booker, this range is advisory only, not mandatory, and is to be considered as a factor in determining defendant's sentence.

3)  The maximum statutory term of imprisonment that may be

imposed at Count One is not more than 10 years.    18
U.S.C.   §924(a)(2).

4)    The authorized statutory term of supervised release that
      may be imposed at Count One is not more than 3 years.
      18 U.S.C. §3583(b)(2).

5)    Under the guidelines, the authorized term of supervised
      release at Count One is at least 2 years but not more
      than 3 years.   U.S.S.G. §5D1.2(a)(2).

6)    By statute, defendant is eligible for a sentence of
      probation of not less than one nor more than five years.
      18 U.S.C. §§3561(a) and (c)(1).   However, he is not
      eligible for a sentence of probation under the
      guidelines.  U.S.S.G. §5C1.1(f).

7)    The maximum statutory fine that may be imposed at Count
      One is $250,000.  18 U.S.C. §3571(b)(3).

8)    Pursuant to U.S.S.G. §5E1.2(c)(3), the fine range under
      the guidelines is a minimum fine of $4,000 and a maximum
      fine of $40,000.  According to the presentence report,
      it does not appear that defendant has the current
      ability to pay a fine nor is it likely that he will
      become able to pay any fine.  U.S.S.G. §5E1.2(a).

9)    Restitution is not an issue in this case.

10)   Pursuant to 18 U.S.C. §3013(a)(2)(A), a special
      assessment of $100 is mandatory.

                            _Gustave Diamond_
                            Gustave Diamond
                            United States District Judge


cc:   Margaret E. Picking
      Assistant U.S. Attorney

      John A. Knorr, Esq.
      John Knorr Law
      1204 Frick Building
      437 Grant Street
      Pittsburgh, PA 15219

      Tracy DeMartino
      U.S. Probation Officer