IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 09-320 |
| | ) |
| HARDY CARROLL LLOYD | ) |

MEMORANDUM AND ORDER OF COURT

AND NOW, this 10th day of June, 2013, the court having reviewed defendant's Motion for Clarification of Intention in Imposing Sentence (Document No. 71), the government's response thereto and the transcript of defendant's sentencing hearing, IT IS ORDERED that said motion be, and the same hereby is, DENIED.

Pursuant to 18 U.S.C. §3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Defendant appeared before this court for sentencing on August 3, 2010, pursuant to a writ of habeas corpus ad prosequendum from state custody, and the court was aware that he would be returned to the state authorities to face charges following his federal sentencing. See Transcript of Sentencing Hearing held on August 3, 2010 (the "Transcript") (Document No. 73), at 26-27. Thus, defendant's federal sentence did not commence on August 3, 2010, because he was not received in federal custody for transportation to a facility where he would serve the sentence imposed by this court.

Defendant claims in his motion that "an argument could be made that it was this Court's intention that [he] serve a period of incarceration in a federal institution commencing August 3, 2010 and that said

sentence should take priority over any sentence subsequently imposed by state authorities." Defendant is incorrect. A review of the Transcript makes clear that the court did not intend for defendant's federal sentence to commence on August 3, 2010. The court repeatedly stated at the sentencing hearing that the Federal Bureau of Prisons would decide when defendant's federal sentence would commence and what credit, if any, he would receive for time previously served in state custody. See Transcript at 14, 26-27. Accordingly, the court made clear its intention at the sentencing hearing, and further advised defendant at the time that it was within the discretion of the Bureau of Prisons to determine whether he would receive any credit for time served in state custody. No additional clarification is required.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Margaret E. Picking
    Assistant U.S. Attorney

    John A. Knorr, Esq.
    1204 Frick Building
    437 Grant Street
    Pittsburgh, PA 15219

AO 72
(Rev. 8/82)