PROB 12C
(PAWP 4/16)

# UNITED STATES DISTRICT COURT
for the
## WESTERN DISTRICT OF PENNSYLVANIA

## Petition for Warrant or Show Cause Hearing for Offender Under Supervision

| | | |
|---|---|---|
| Offender: | Hardy Carroll Lloyd | Docket No.:2:09CR00320 |
| Sentencing Judge: | Gustave Diamond, Senior United States District Judge. Reassigned to Arthur J. Schwab United States | |
| | District Judge | |
| Date of Original Sentence: | August 3, 2010 | |
| Original Offense: | Possession of a firearm by a convicted felon | |
| Original Sentence: | 30 months of imprisonment; 36 months of supervised release | |
| Special conditions: | Special Assessment, DNA testing, Substance Abuse Testing, Mental Health Treatment, | |
| | Computer/Internet Restrictions, Computer Search, Search/Seizure, Computer Monitoring Software, | |
| | Computer Search Warning to Others, Computer Search for Monitoring Software | |
| Type of Supervision: | Supervised Release | Date Supervision Commenced: July 21, 2017 |
| Prior Court History: | 8/16/2016; TSR revoked. 8/9/2017; Conditions Modified. | |

## PETITIONING THE COURT

☒ To Issue a Warrant                               ☐ To Issue a Summons
☐ To Schedule a Show Cause Hearing         ☐ Other

THE PROBATION OFFICER BELIEVES THAT THE OFFENDER HAS VIOLATED THE FOLLOWING CONDITION(S)

### VIOLATION NUMBER 1

The defendant is permitted to possess or use a computer and is allowed access to the Internet. However, the defendant is not permitted to use a computer, or other electronic communication or data storage devices, including a cell phone, to access social networks (i.e...Facebook, twitter, snapchat) chatrooms, blogs, or to communicate with any individual or group for the purpose of promoting terrorism. The defendant shall consent to the installation of any hardware or software to monitor any computer, or other electronic communication or data storage devices used by the defendant to confirm compliance with this condition. The defendant shall pay the monitoring costs as directed by the probation or pretrial services officer. Furthermore, the defendant shall consent to periodic unannounced examinations by the probation or pretrial services officer of any computers, cell phones, or other electronic communication or data storage devices that the defendant has access to, to confirm compliance with this condition. Additionally, the defendant shall consent to the seizure and removal of hardware and data storage media for further analysis by the probation or pretrial services officer, based upon reasonable suspicion of a violation of the conditions imposed in this case, or based upon reasonable suspicion of unlawful conduct by the defendant. Failure to submit to the monitoring or search of computers and other electronic communication or data storage devices used by the defendant may be grounds for revocation.

If the defendant's employment requires the use of a computer, the defendant may use a computer in connection with the employment approved by the probation or pretrial services officer, provided the defendant notifies their employer of the nature of the conviction or charge. The probation or pretrial services officer shall confirm compliance with this notification requirement.

The defendant shall provide the U.S. Probation Office with accurate information about the defendant's entire computer system (hardware or software) and other electronic communication or data storage devices or media to include all passwords used and the name of the Internet Service Provider(s). The defendant also shall abide by the provisions of the Computer Restrictions and Monitoring Program approved by the Court.

**NATURE OF NONCOMPLIANCE**
On August 17, 2017, at 17:19 hours, the defendant accessed the computer at the Mt. Lebanon Public Library, photographic evidence of this event was taken and provided to this officer by law enforcement.

On August 28, 2017, at approximately 1530 hours, the defendant was observed using the computer at the Dormont Public Library, photographic evidence of this event was taken and provided to this officer by law enforcement.

**VIOLATION NUMBER 2**
The defendant shall answer truthfully the inquiries by the probation officer and follow the instructions of the probation officer.

**NATURE OF NONCOMPLIANCE**
On August 22, 2017, the defendant reported to this officer that he has had no involvement with any of the recent protests that have been occurring in the Pittsburgh area. There is video evidence of the defendant being at a protest in Mt. Lebanon in front of U.S. Rep. Tim Murphy's office on August 14, 2017, where he yelled "white power" and gave a Nazi salute.

On August 23, 2017, the defendant was asked by this officer to provide a list of all of the internet accounts he has registered. The defendant failed to report email address: www.creativityalliance.com, which he has used to send emails with. Evidence of this was provided to this officer by law enforcement.

On September 1, 2017, after being served with a No Trespass order by Carnegie Mellon University (CMU) police, the defendant reported to this officer that he has not been on the CMU property and has no reason to be there. He reported that he was only issued this order due to his criminal history of gun possession. CMU Police provided this officer with video surveillance which shows the defendant being in the bookstore at Carnegie Mellon University on August 19, 2017, at 14:03 hours.

On September 10, 2017, the defendant reported verbally to this officer that he has nothing to do with the anti-Semitic flier campaign that has been occurring in the Pittsburgh area. He continue to report that he is only involved in his religion and focusing on the health of his girlfriend. Video surveillance pictures were provided to this officer showing the defendant placing anti-Semitic flier on a vehicles in the area of Von Lent Place on August 19, 2017.

On September 1, the defendant accessed an unauthorized computer device to view and order a Blackthorn Shillelagh Fighting Stick. The advertisement includes videos of the stick, which includes a heavy ball on one end, to smash car windshields and other objects in a violent manner.

Offender: Hardy Carroll Lloyd
Docket No.:2:09CR00320
Page 3

On September 10, 2017, the defendant accessed an unauthorized computer device to view YouTube videos, including of females being incapacitated by the use of chloroform and to conduct searches related to the online sale of dangerous weapons.

Considering Mr. Llyod has continued to involve himself in deceptive behaviors and his most recent unauthorized internet usage involves violent activities in nature it is respectfully recommended that a warrant be issued for the offenders arrest, no bond be set, and he be detained until the final revocation hearing.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

By: _____
Patrick Sumansky
U.S. Probation Officer

Approved By: _____  Romona Clark
2017.09.14 12:03:48 -04'00'
Assistant Deputy Chief, U.S. Probation Officer
Date: _____ 9/14/2017

**THE COURT ORDERS:**

☐ No Action
☒ The Issuance of a Warrant and:
    ☒ No Bond is set
    ☐ Bond is set at _____
    ☐ Bond is at the discretion of the Magistrate Judge
☐ That the (probationer/supervised release) appear at the United States Courthouse, at
_____, Pennsylvania, Courtroom No. _____, _____, Floor, with legal counsel
on _____ at _____, to show cause why supervision should not be revoked.

☐ That a Summons be issued and the (probationer/supervised release) appear at the United States Courthouse, at Pittsburgh, Pennsylvania, Courtroom No. _____, _____, Floor, with legal counsel on _____ at _____, to show cause why supervision should not be revoked. The (probationer/supervised release) is hereby ordered to abide by the conditions of supervision which were originally imposed on _____.

☐ Other

_____
United States District Judge
09/15/2017
Date