IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Cr. No. 09-320** |
| v. | ) | |
| | ) | |
| **HARDY CARROLL LLOYD,** | ) | |
| | ) | **District Judge Schwab** |
| Defendant | ) | |

**MEMORANDUM IN SUPPORT OF SUPERVISED RELEASE DISPOSITION**

Defendant Hardy C. Lloyd, defendant above named, by and through counsel, respectfully submits the within memorandum in support of sentencing disposition, in particular to object to an assertion in the violation work sheet that Mr. Lloyd, having been convicted of a class C felony, is exposed to the full maximum term of imprisonment of two years under 18 U.S.C. §3583(e)(3).

Under the circumstances of Mr. Lloyd's case, imposition of such a term would be illegal because it would yield a term of imprisonment in excess of the statutorily authorized three-year term of supervised release for Class C felonies.  Fundamentally, the law attributes post-revocation penalties to the original offense, if only to avoid the stricter procedural standards that would follow from a rule allowing the supervised release to stand on its own. See Johnson v. United States, 529 U.S. 694, 699-701 (2000); United States v. Dozier, 119 F.3d 239, 241 (3d Cir. 1997).  Congress adopted this principle when it enacted 18 U.S.C. §3583(e)(3), which authorizes a court that finds a violation to "require the defendant to serve in prison all or part o*f the term of supervised release authorized by statute* for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision" (emphasis added).

Likewise, a court may also impose a term of supervised release to be served after the term of imprisonment, the length of which "shall not exceed the term of supervised release authorized by statute", in this case three years, "less any term of imprisonment that was imposed upon revocation of supervised release," 18 U.S.C. §3583(h).

In August, 2010, Mr. Lloyd received an initial sentence of thirty months imprisonment plus the full three years of supervised release authorized by 18 U.S.C. 3583(b)(2).  As the probation officer's work sheet outlines, he has been sentenced to terms of imprisonment for supervised release violations arising out of the August, 2010 judgment for the Class C felony. These sentences, 14 months in 2016 and 13 months in 2017, cumulated to 27 months of the 36 month maximum supervised release that §3583(b)(3) authorizes.  If any imprisonment term approximating the two year maximum term were to be imposed, Mr. Lloyd would be required to serve "more than the term of supervised release authorized by statute" in plain violation of the unambiguous language of §3583(e)(3), of the fundamental principle that revocation penalties relate to the original offense, and at least arguably, in violation of double jeopardy and other constitutionally based procedural protections listed in Johnson, supra.

By contrast, the guideline range of 5-11 months, specified in the work sheet for Grade C violations involving an offender with a criminal history category of III, remains largely consistent with the principled limitations contained in §3583 and with the purposes of sentencing identified in 18 U.S.C. §3553(a).  These Guidelines also authorize alternative sentences for Grade C violations U.S.S.G. §7B1.3(c). The availability of such alternatives is critical here, because the evidence to be presented will show that during Mr. Lloyd's last term of supervised

release, when his internet activity was actively monitored, he was increasingly responsive to the cognitive behavioral therapy he was receiving at the Renewal Center, up to and including the date when he was alleged to have violated the condition at issue.  It is respectfully submitted that a sentence consistent with the §3553(a) factors is one that will allow Mr. Lloyd's mental and social development to continue to progress so that he can become a fully productive participant in the society in which he lives.

## **CONCLUSION**

For these reasons, and the reasons to be presented in more detail in the hearing, defendant respectfully requests imposition of a sentence that is legal under 18 U.S.C. §3583 and sufficient, but not greater than necessary, to achieve the purposes of sentencing under 18 U.S.C. §3553(a).

Respectfully submitted,

**/s/Patrick M. Livingston**
Patrick M. Livingston
Pa. I.D. No. 44137

220 Grant Street
Fifth Floor
Pittsburgh, Pennsylvania 15219
(412) 281-9971

Attorney for Defendant
Hardy Carroll Lloyd